Nicola CAMPANELLA, Individually and on behalf of all others similarly situated and Pietro Campanella, Individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

MASON TENDER'S DISTRICT COUNCIL PENSION PLAN and Board of Trustees of the Mason Tender's District Council Pension Plan, personally and in its capacity as Plan Administrator, Defendants–Appellees.

No. 04–0742.

United States Court of Appeals, Second Circuit.

Feb. 22, 2005.

Edgar Pauk, New York, NY, for Appellants.

Myron D. Rumeld, Proskauer Rose LLP, New York, NY, for Appellees.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

Plaintiffs Pietro and Nicola Campanella appeal from the judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*) denying plaintiffs' motion for summary judgment and granting defendants Mason Tenders' District Council Pension Plan and the Board of Trustees of the Mason Tenders' District Council Pension Plan's ("the Plan") motion for summary judgment. *Campanella v. Mason Tenders' District Council Pension Plan,* 299 F.Supp.2d 274 (S.D.N.Y.2004).

On appeal, the Campanellas contend that (1) they are entitled to accrue pension credits while on disability or workers' compensation; (2) the Plan was wrong in determining that Pietro Campanella lost credited service when he experienced a break in service; (3) the Plan is required to pay interest on its delayed payment of the Campanellas' disability benefits; (4) the Plan trustees are liable for wrongful delay in providing documents to the Campanellas; (5) the Plan's accrual ranges violate ERISA's minimum accrual standards; and (6) the Plan's "freeze" provision violates ERISA's minimum accrual and vesting standards.

We review grants of summary judgment *de novo,* construing the record in the light most favorable to the nonmoving party. *Church of Am. Knights of the Ku Klux Klan v. Kerik,* 356 F.3d 197, 203 (2d Cir. 2004). Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Blouin ex rel. Estate of Pouliot v. Spitzer,* 356 F.3d 348, 356 (2d Cir.2004).

### I. Statute of Limitations

The Plan argues that the Campanellas' first, second, fifth and sixth claims are time-barred under ERISA § 413, 29 U.S.C. § 1113. However, ERISA § 413 applies only to breach of fiduciary duty claims. The Campanellas do not claim that the Plan violated its fiduciary duties; rather, the Campanellas challenge the terms of the Plan itself. Thus, the district court correctly determined that the six-year state contract law statute of limitations applies in this case, *see Valle v. Joint Plumbing Indus. Bd.,* 623 F.2d 196, 202 n. 10 (2d Cir.1980), and that the Campanellas' claims are not barred.

### II. Accrual of Pension Credits while Receiving Disability Payments or Workers' Compensation

The Campanellas argue that ERISA and the terms of their pension plan require the accrual of pension credits on account of their receipt of pension disability benefits and workers' compensation benefits. We consider only the Campanellas' argument as to workers' compensation and do not consider their argument as to disability benefits, because the latter argument was raised for the first time in the Campanellas' memorandum of law in opposition to the Plan's motion for summary judgment.

*See Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984).

■ As for the Campanellas' argument regarding workers' compensation, while the federal regulations state that an employee should earn credit for periods "during which no duties are performed (irrespective of whether the employment relationship has terminated) due to . . . incapacity (including disability)," 29 C.F.R. § 2530.200b–2(a)(2), the regulations go on to note that "[a]n hour for which an employee is directly or indirectly paid . . . on account of a period during which no duties are performed is not required to be credited to the employee if such payment is made or due under a plan maintained solely for the purpose of complying with applicable workmen's compensation . . . laws[.]" 29 C.F.R. § 2530.200b–2(a)(2)(ii). Similarly, the terms of the Plan require hours for which no duties are performed to be credited only for "each hour for which an Employee is paid . . . by the Contributing Employer." *See* Plan § I(14). Because workers' compensation is not paid by the employer, and because it is expressly exempt from the requirement that hours be credited, we affirm the district court's determination that the receipt of workers' compensation does not enable the Campanellas to accrue pension credits.

### III. Loss of Credited Service upon Experiencing a Break in Service

The Campanellas' next claim focuses on Pietro's attempt in 1992 to qualify for a disability pension despite his break in service between 1984 and 1985. The district court correctly decided that the Plan should be afforded deferential review of its provisions. When a plan is granted authority to interpret its provisions, this Court reviews its interpretations under an "arbitrary and capricious" standard. *Mar-*

*io v. P & C Food Markets, Inc.,* 313 F.3d 758, 763 (2d Cir.2002). Declining to hear the Campanellas' new arguments raised on appeal, *see Schmidt v. Polish People's Republic,* 742 F.2d 67, 70 (2d Cir.1984), including their contention that the 1989 Plan was not in effect until 1995, we affirm the district court's ruling that the Plan's interpretation of the 1989 Plan was not arbitrary and capricious, and therefore its conclusion that Pietro Campanella lost his credited service as a result of his break in service should be upheld.

### IV. Interest on Delayed Payments

■ The Campanellas also argue that they are entitled to interest on their disability payments because those payments were delayed. In *Dunnigan v. Metro. Life Ins. Co.,* 277 F.3d 223, 230 (2d Cir. 2002), this Court held that interest may be awarded if the delay in the payment of benefits is unreasonable and unjustified. The district court found ample reason to conclude that the Plan's delay was reasonable. The Campanellas did not re-initiate their claim until two years after their initial claim had been denied. As soon as the Plan decided in favor of their later appeal, the Plan began making payments without delay. For the reasons discussed by the district court, we affirm the district court's finding that the delay was not unreasonable or unjustified.

### V. Liability for Wrongful Delay

The Campanellas also argue that the Plan violated ERISA's requirement that pension plans must issue updated Summary Plan Descriptions ("SPD") every fifth year unless no amendments have since been adopted. *See* 29 U.S.C. § 1024(b)(1). The Plan appears to have violated that provision because, as of 2003, its most recent SPD had been issued in 1993, even though the Plan had since been amended. However, the question of whether penalties should be imposed in

such a case is left to the discretion of the district court. *See McDonald v. Pension Plan of NYSA–ILA Pension Trust Fund,* 320 F.3d 151, 163 (2d Cir.2003) (citing *Devlin v. Empire Blue Cross & Blue Shield,* 274 F.3d 76, 90 (2d Cir.2001)). Taking into account whether bad faith was involved, the number of requests made, the importance of the documents withheld, and the existence of prejudice to the Campanellas, *id.,* the district court was well within its discretion in refusing to impose penalties on the Plan.

## VI. Violations of ERISA

### A. Violation of ERISA's "ratable" benefit requirement

■ The Campanellas also contend that the Plan violates ERISA's requirement that employees who work more than 1000 hours but less than full time be credited with no less than a ratable portion of benefit credit. 29 C.F.R. § 2530.204–2(c). The district court rightly concluded that "[a]bsent a definition of 'full year,' it is entirely reasonable to calculate a full year of participation as a year of full-time employment." *Campanella,* 299 F.Supp.2d at 283. We agree with the district court that "it does not follow that because the Plan accords a full year of credit to employees who work 1500 hours, the Plan must therefore accord a full year of credit to employees who work 1351 hours." *Id.* The Plan does not clearly define the number of hours in a full year of participation. However, under arbitrary and capricious review, the Plan's determination that 1820 hours was a "full year of participation" was entirely reasonable and, therefore, the Plan's accrual ranges do not violate ERISA's "ratable" benefit requirement.

### B. Violation of ERISA's prohibition against backloading

Finally, the Campanellas argue that (1) the Plan's "freeze" provision creates a plan year in which the "accrued benefit" does not equal the "normal retirement benefit" and (2) the "freeze" causes the Plan to be "backloaded"—both in violation of ERISA. Following the Campanellas' argument would require us to overturn this Court's decision in *Langman v. Laub,* 328 F.3d 68 (2d Cir.2003), *cert. denied,* 540 U.S. 1107, 124 S.Ct. 1061, 157 L.Ed.2d 893 (2004), which we do not, as a panel, have the power to do, *see Union of Needletrades, Indus. and Textile Employees v. I.N.S.,* 336 F.3d 200, 210 (2d Cir.2003).

### Conclusion

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.