11-2422-cv
Kammerer v. MPIPP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT: RALPH K. WINTER,
CHESTER J. STRAUB,
DENNY CHIN,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

KENNETH KAMMERER and THOMAS HALLIGAN,
on their own behalf and on behalf of
all others similarly situated,
                Plaintiffs-Appellants,

        -v.-                                11-2422-cv

THE MOTION PICTURE INDUSTRY PENSION PLAN
and BOARD OF DIRECTORS OF THE MOTION
PICTURE INDUSTRY PENSION PLAN, as Plan
Administrator,
                Defendants-Appellees.[*]

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:    EDGAR PAUK, Law Offices of Edgar
                              Pauk, Brooklyn, New York (Robert
                              Bach, Law Office of Robert J. Bach,
                              Esq., New York, New York, on the
                              brief).

FOR DEFENDANTS-APPELLEES:     MYRON D. RUMELD (Anthony S. Cacace,
                              on the brief), Proskauer Rose LLP,
                              New York, New York.

---

[*]    The Clerk of the Court is directed to amend the official caption in accordance with the above.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Scheindlin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiffs-appellants Kenneth Kammerer and Thomas Halligan, motion picture studio mechanics, appeal from the district court's: (1) March 31, 2011, judgment entered pursuant to its March 31, 2011, opinion and order granting summary judgment to defendants-appellees Motion Picture Industry Pension Plan and Board of Directors of the Motion Picture Industry Pension Plan, as Plan Administrator (collectively, the "Plan") and denying plaintiffs' motion for summary judgment, see Kammerer v. Motion Picture Indus. Pension Plan, No. 10 Civ. 3224, 2011 WL 1311877 (S.D.N.Y. Mar. 31, 2011); and (2) May 17, 2011, order denying plaintiffs' motion for reconsideration.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs sued defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., alleging that they did not receive sufficient pension credit for years in which they worked less than full time. On appeal, plaintiffs principally argue that the district court erred in concluding that the Plan's use of a 200-day year rather than a 150-day year was reasonable.

-2-

We review the district court's grant of summary judgment de novo. Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 59–60 (2d Cir. 2010). Where, as here, a plan confers "broad discretionary authority" on the administrator to determine eligibility, benefit determinations are reviewed under the arbitrary and capricious standard. Novella v. Westchester Cnty., 661 F.3d 128, 140 (2d Cir. 2011) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). Upon conducting an independent review of the record, we conclude, substantially for the reasons set forth in the district court's carefully-considered decision, that the Plan's determination was not arbitrary or capricious.

Under § 204(b)(4)(B) of ERISA, 29 U.S.C. § 1054(b)(4)(B), an employee who works at least 1,000 hours a year must be given pension credit for a partial year of service of at least "a ratable portion of the accrued benefit to which he would be entitled under the plan if his customary employment were full time." ERISA § 204(b)(4)(B), 29 U.S.C. § 1054(b)(4)(B). A critical question in the credit calculation is what amount of service constitutes "a full year of participation." See 29 C.F.R. § 2530.204-2(c). Here, the Plan utilized a 200-day year as "a full year of participation," while plaintiffs contend that, in the circumstances here, ERISA requires that "a full year of participation" be defined as 150 days. The district court concluded that the Plan's determination to use a 200-day year was not "an unreasonable interpretation of the Plan." Kammerer, 2011 WL 1311877, at *8.

-3-

Although the current version of the Plan does not define a "year of participation" -- the definition having been deleted in the version of the Plan adopted in 1995 -- the Plan administrator's use of a 200-day rule was supported by the following considerations: at least three earlier versions of the Plan used a 200-day rule; the 200-day benchmark continued to appear in a provision setting forth the method for determining credit for participants with fewer than thirty days of work but with service elsewhere in the industry; and the statistical data showed that a significant number of participants worked at least 200 days a year. See Campenella v. Mason Tender's Dist. Council Pension Plan, 299 F. Supp. 2d 274, 282-83 & n.5 (S.D.N.Y. 2004) (discussing example of acceptable plan ranges, including one under which a full year of participation was 2,000 hours or 200 days), aff'd, 132 F. App'x 855, 858 (2d Cir. 2005) (summary order) (holding that, under arbitrary and capricious review, where plan did not clearly define number of hours constituting full year of participation, 1,820 hours (or 182 days) was entirely reasonable).

We have considered all of plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the district court's judgment and order are **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK


-4-